## NEW YORK COMMON PLEAS.

HUGH SMITH and others agt. THE NEW YORK.CONSOLIDATED
STAGE COMPANY, and others.

A person will not be appointed by the court a *receiver* who by his own acts or the
position he occupies, stands in any improper relation to the cause.
Nor generally will a person be appointed receiver, if objection be made by either
party, where the court has no personal acquaintance with him.

*New York Special Term, January*, 1865.

APPLICATION by plaintiffs for the settlement of an order
and the appointment of a receiver.

CARDOZO, J.   The counsel for the plaintiffs having served
me with an order quashing and vacating the writ of prohi-
bition granted by the supreme court, requests me to pro-
ceed to discharge my duty to settle the order herein.   I
shall say a few words in regard to the selection of a re-
ceiver.

First.  As to the names suggested on behalf of the defend-
ants.   After having decided that Mr. Chester Lamb had
either been guilty of a breach of trust or a clear violation
of law, it is not likely that I should immediately confer
another trust upon him.   Nor is it reasonable to expect me
to appoint Mr. Schell.   He is a lawyer, and must certainly
be presumed to have known that the assignment to him
was either a fraud or a violation of an express statute, and
having assented to be the assignee under such circumstan-
ces, it is unreasonable to ask the court to make him the
receiver.

Recorder Hoffman is my personal friend.   I have the
highest respect and esteem for him, and that respect and
esteem prevent my appointing him.   The indelicacy of
his appointment in this case is so manifest, that I am quite
certain his name has not been suggested with his concur-
rence.   Mr. Oliver Charlock I know, from having when at

the Bar argued a case as counsel on his behalf. I believe him to be a gentleman of character and capacity, but my personal acquaintance with him is not sufficient to justify me in appointing him against the objection of the plaintiffs. As to the gentlemen proposed by the plaintiffs, I have only to say that I am not aware that I have any personal acquaintance with either of them, and as they are not assented to by the defendants, they must also be rejected.

It devolves upon me, therefore, to select a receiver myself, and I have concluded to tender the place to John Murphy, Esq., the receiver of taxes. An additional reason for selecting Mr. Murphy is, that I am informed that the supreme court, in a similar suit, has also appointed him.